Filed 9/29/15

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075414 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM036294, CM037299, CM037929) |
| v. | |
| CHRISTY ANN SCARBROUGH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Butte County, Michael P. Candela, Judge. Affirmed.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Eric L. Christoffersen, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Christy Ann Scarbrough was granted probation after she pleaded no contest to possession of hydromorphone and possession of heroin and admitted an on-bail enhancement. She subsequently violated her probation and pleaded no contest to felony

1

child endangerment. She was sentenced to state prison, and this appeal followed. Appointed counsel for defendant asked this court to review the record independently to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We publish this decision, however, to address an issue that is likely to recur and to otherwise evade review. On November 4, 2014, California voters approved Proposition 47, which added section 1170.18 to the Penal Code,[1] thereby permitting persons convicted of certain offenses to seek recall and resentencing from the trial court. While this appeal was pending, defendant sought and obtained an order from the trial court pursuant to section 1170.18 ostensibly recalling her sentence on two of the felony convictions that we were reviewing in this appeal, designating those convictions as misdemeanors, and resentencing her. In light of defendant's no contest plea, our review was limited to reviewing the propriety of defendant's sentencing. (§§ 1237, 1237.5; see *People v. Shelton* (2006) 37 Cal.4th 759, 766.) If the trial court's resentencing of defendant while her appeal is pending was valid, our review of her sentence for the subsequently recalled convictions would be rendered futile. Therefore, we address whether section 1170.18 granted the trial court concurrent jurisdiction permitting it to resentence defendant while this appeal was before us. We conclude the trial court lacked jurisdiction to resentence defendant and, therefore, its order ostensibly recalling defendant's sentence and resentencing her is void.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] After we set this matter for oral argument at defendant's request, defendant filed a notice of abandonment of appeal and request for dismissal. Once the record has been filed with this court, we have discretion to deny such a request for dismissal, especially when it poses an issue of broad public interest that is likely to recur. (Cal. Rules of

2

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, defendant pleaded no contest to possession of hydromorphone (Health & Saf. Code, § 11350, subd. (a)) in case No. CM037299 to and possession of heroin (Health & Saf. Code, § 11350, subd. (a)) in case No. CM037929, and admitted an on-bail sentencing enhancement (Pen. Code, § 12022.1) in exchange for a dismissal of the other charged counts, dismissal of another pending case, and a referral for sentencing pursuant to Proposition 36.[3]  Pursuant to the plea agreement, the trial court suspended imposition of sentencing and ordered defendant to complete three years of formal probation pursuant to Proposition 36.  The trial court ordered defendant to pay restitution fines of $280 in each case, imposed and stayed concomitant probation revocation restitution fines in each case, imposed statutory fines and fees and, for case No. CM037929, imposed a $250 Proposition 36 drug program fee and a $380 Proposition 36 drug testing fee.

In July 2013, in case No. CM036294, defendant pleaded no contest to felony child endangerment (§ 273a, subd. (a)) in exchange for dismissal of another criminal proceeding, a referral for probation, and an understanding that this plea would constitute a violation of her probation in case Nos. CM037299 and CM037929.  However, as the act that was the basis of the felony child endangerment was committed while defendant was not on probation, the trial court found her plea in case No. CM036294 could not be the

---

Court, rule 8.316(b)(2); see *People v. Osorio* (2015) 235 Cal.App.4th 1408, 1411.)  We elect to do so here to address the jurisdictional question.

[3]  Also known as the Substance Abuse and Crime Prevention Act of 2000, Proposition 36 provides that " 'a defendant who has been convicted of a "nonviolent drug possession offense" must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation.'  [Citation.]  If the defendant completes such drug treatment and complies with the other conditions of probation, 'the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant.' " (*People v. Alice* (2007) 41 Cal.4th 668, 680.)

basis of a probation violation in case Nos. CM037299 and CM037929.  Nonetheless, defendant admitted other probation violations committed while she was on probation in case Nos. CM037299 and CM037929, namely, failing to submit for drug testing twice and failing to report to the behavioral health department as ordered.  Therefore, the trial court revoked defendant's probation, found she had violated her probation in case Nos. CM037299 and CM037929, and ordered her remanded.

In November 2013, the trial court sentenced defendant to an aggregate term of nine years four months in state prison:  the upper term of six years for the felony child endangerment, a consecutive term of eight months for possession of heroin (and stayed the remaining portion of the three-year upper term it imposed on this count), a consecutive term of eight months for possession of hydromorphone (and stayed the remaining portion of the three-year upper term it imposed on this count), and two years for the admitted sentencing enhancement.  The trial court also credited defendant with 390 days of presentence custody credit: 195 days of actual time and 194 days of conduct credit in case No. CM036294, and an additional one day of actual time in case No. CM037299.  The trial court ordered the previously imposed fines and fees to be paid; ordered that the previously stayed probation revocation restitution fines were now due; imposed and stayed parole revocation restitution fines in all three cases; and also imposed statutory fines and fees in the child endangerment case.  The trial court also ordered defendant to complete three years of postrelease community supervision following her release from state prison.  (§ 1170, subd. (h).)

Defendant appealed.  While her appeal was pending, defendant requested that the trial court recall and reconsider her sentence pursuant to sections 1018 and 1170, subdivision (d).  The trial court declined to do so.  Thereafter, while her appeal was still pending, defendant petitioned the trial court for recall of her sentence and resentencing pursuant to the recently enacted section 1170.18.  The trial court granted defendant's

4

petition as to the possession of controlled substance convictions in case Nos. CM037299 and CM037929, ostensibly reducing those convictions to misdemeanors. The trial court proceeded to resentence defendant to a term of six years in state prison for the child endangerment, concurrent terms of one year for the possession convictions, and to alter her credits.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant's request for additional time to file a supplemental brief and to augment the record was granted. More than 30 days have elapsed since the filing of the augmented record in this court, and we have received no communication from defendant.

## DISCUSSION

At our invitation, the parties submitted supplemental briefs addressing whether the trial court had jurisdiction to resentence defendant pursuant to section 1170.18 while this appeal was pending. Defendant contends section 1170.18 vests the trial court with limited concurrent jurisdiction to entertain a petition for recall and resentencing of convictions for enumerated offenses. Neither the language nor intent of section 1170.18 or Proposition 47 cause us to conclude the statute creates an exception to the general rule that a trial court may not issue an order affecting a judgment while an appeal is pending. Thus, we hold the trial court's order recalling defendant's sentence and resentencing her is void.

## I. Basic Principles

"When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.) We also deem the enacting body " ' "to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof." ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1424 (*Scott*).)

## II. Existing Law

Subject to limited exceptions, well-established law provides that the trial court is divested of jurisdiction once execution of a sentence has begun. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204-1205.) And, "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." (*People v. Perez* (1979) 23 Cal.3d 545, 554; see *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [" 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court . . .' "].) This rule protects the appellate court's jurisdiction by protecting the status quo so that an appeal is not rendered futile by alteration. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472, citing *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089.) As a result of this rule, the trial court lacks jurisdiction to make any order affecting a judgment, and any action taken by the trial court while the appeal is pending is null and void. (*Alanis*, *supra*, 158 Cal.App.4th at pp. 1472-1473.)

There are limited exceptions to this jurisdictional divestment. For instance, the trial court may, while an appeal is pending, vacate a void judgment, correct an unauthorized sentence, or correct clerical errors in the judgment. (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1472.) Corrections to errors in the calculation of presentence custody credits may also be ordered by the trial court while an appeal is pending. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427-428 (*Acosta*); see § 1237.1 [expressly precluding appeal on grounds there was error in calculating credits unless the defendant raises the issue at sentencing or by postsentencing motion in the trial court].)

Additionally, the trial court has jurisdiction for a period of 120 days to recall a defendant's sentence for reasons rationally related to lawful sentencing and to resentence a defendant as if he or she had not been sentenced previously. (§ 1170, subd. (d); *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455-456 (*Dix*).) The trial court also has jurisdiction to hear a writ of habeas corpus while an appeal of the challenged judgment is pending, so long as the exercise of that jurisdiction does not " 'interfere with the appellate jurisdiction' " in the pending matter. (*In re Carpenter* (1995) 9 Cal.4th 634, 645-646; see Cal. Const., art. VI, § 10.)

### III. Analysis

Section 1170.18, subdivision (a) provides in pertinent part: "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [enumerated sections, including Health and Safety Code section 11350], as those sections have been amended or added by this act." The trial court must then determine if the petitioner is eligible for resentencing; if so, the trial court must recall and resentence the petitioner, unless it determines that doing so "would pose an unreasonable

7

risk of danger to public safety." (§ 1170.18, subd. (b).)  A person seeking relief under this section must file his or her petition "within three years after the effective date of the act that added this section or at a later date upon a showing of good cause." (§ 1170.18, subd. (j).)  Defendant argues this section provides concurrent jurisdiction because the language does not limit eligibility to persons with final judgments.  We disagree.

In 2012, the voters enacted section 1170.126 as part of the Three Strikes Reform Act of 2012.  (Prop. 36, § 6, as approved by voters, Gen. Elec. (Nov. 7, 2012).)  That section provides in pertinent part:  "Any person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony or felonies that are not defined as serious and/or violent felonies . . . , may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing . . . ." (§ 1170.126, subd. (b).)  Sections 1170.18 and 1170.126 use substantially the same language, structure, and procedure to provide for recall and resentencing of persons currently serving sentences where those persons would be subject to lighter sentences pursuant to the newly enacted voter initiatives.

We find *People v. Yearwood* (2013) 213 Cal.App.4th 161, 177 instructive. *Yearwood* interpreted section 1170.126 and held it was not applicable to those whose judgments were not yet final.  *Yearwood* relied on the general principle that a trial court lacks jurisdiction over a cause while an appeal is pending.  (*Yearwood*, at p. 177.)  It found that the statute's provision of a "good cause" exception to its two-year filing period permitted prisoners to pursue relief under section 1170.126 once the appellate proceedings were complete.  (*Yearwood*, at p. 177.)  *Yearwood* further noted that "[i]t is reasonable for the voters to have designed a statutory process where the trial court considers a petition for a recall of sentence after final resolution of legal issues related to the conviction and original sentence (which may have components that are unaffected by

[the Three Strikes Reform Act of 2012].” (*Ibid.*) The same holds true here. Moreover, we deem the voters to have been aware of this interpretation when they approved Proposition 47. (*Scott*, *supra*, 58 Cal.4th at p. 1424.)

Though we are persuaded that the reasoning and analysis of section 1170.126 conducted in *Yearwood* is equally applicable to section 1170.18, we nonetheless address and reject defendant’s contentions that section 1170.18 is more analogous to (1) section 1170, subdivision (d), (2) section 1237.1, and (3) a writ of habeas corpus. We also reject defendant’s claims that by finding there is no concurrent jurisdiction, we would (4) thwart the voters’ intent of conserving financial resources, providing immediate relief to eligible persons, and supporting judicial economy. Finally, we consider and reject defendant’s contention that such a finding would (5) force an eligible person into the “constitutionally untenable” position of seeking resentencing relief pursuant to section 1170.18 or pursuing appellate recourse.

## A. *Section 1170, Subdivision (d)*

As we noted above, section 1170, subdivision (d) is an exception to the general bar on trial court action while an appeal is pending. That section states that “[w]hen a defendant . . . has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. . . .” (§ 1170, subd. (d)(1).)

*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1835 held that section 1170, subdivision (d) “provides a specific scheme for the trial court to exercise jurisdiction for a limited time after it normally would have lost jurisdiction.” Its

9

reasoning is premised on long-standing rules of statutory interpretation that seek to avoid surplusage and that favor a specific statute over a general one regarding the same subject matter. (*Portillo*, *supra*, at p. 1835.) For, if a person were to appeal a conviction, the 120-day period in which the trial court must, if at all, exercise its jurisdiction to recall and resentence a defendant on its own motion would necessarily lapse while the appeal was ongoing. To read section 1170, subdivision (d) as *not* providing for concurrent trial and appellate court jurisdiction, would render it surplusage, which is a result we strive to avoid. (*Dix*, *supra*, 53 Cal.3d at p. 459.)

There is no similar issue in the interpretation of section 1170.18. Relief may be sought pursuant to this section for a period of "*three years* after the effective date of the act that added this section *or at a later date upon a showing of good cause*." (§ 1170.18, subd. (j), italics added.) This relief is available only to those who have already been sentenced and are either currently serving or have already completed serving their sentence. (See § 1170.18, subds. (a), (f).) By providing three years, or longer on a showing of good cause, to petition or apply to the sentencing court for relief, the voters have amply provided eligible convicted persons time to fully pursue their appellate challenges to their convictions *before* seeking recall and resentencing pursuant to its provisions. Thus, unlike section 1170, subdivision (d), there is no need to interpret section 1170.18 as creating concurrent jurisdiction to avoid rendering it superfluous.

## B. *Section 1237.1*

Section 1237.1 states that "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." This is an express grant of concurrent jurisdiction, not only permitting a trial court to exercise jurisdiction to correct

10

a record after sentencing where there has been an error in calculating presentence custody credits, but requiring a defendant to seek that postjudgment relief (if he or she did not object at sentencing) before seeking relief from this court. Additionally, the failure to award earned credits or awarding unearned credits results in the imposition of an unauthorized sentence, which, as noted above is a recognized exception to the bar on concurrent jurisdiction; that jurisdictional error may be corrected at any time. (*People v. Shabazz* (1985) 175 Cal.App.3d 468, 473-474; see *Acosta, supra,* 48 Cal.App.4th at p. 428, fn. 8.) There is no similar basis for recognizing concurrent jurisdiction to recall and resentence a defendant pursuant to section 1170.18 because the sentence is not unauthorized. Rather, section 1170.18 codifies the voters' intent to retroactively reduce properly imposed punishment for certain criminal offenders in an effort to reduce spending on correctional facilities and programs. Therefore, the analogy to section 1237.1 is inapt.

### C. *Writ of Habeas Corpus*

Finally, "Section 10 of article VI of the California Constitution . . . provides in pertinent part: 'The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings.' This provision grants original subject matter jurisdiction over habeas corpus proceedings concurrently to the superior court, the Court of Appeal, and [the Supreme Court]." (*In re Carpenter, supra,* 9 Cal.4th at p. 645.) This power though is limited, as a superior court may not " 'interfere with the appellate jurisdiction of either [the Supreme Court or the Court of Appeal] in matters pending before said appellate courts . . . .' " (*Id.* at p. 646.) "Appellate jurisdiction is limited to the four corners of the record on appeal . . . ." (*Ibid.*) Thus, where a writ of habeas corpus relies on evidence outside the record, it may be considered by the superior court despite a pending appeal. (*Ibid.*)

11

Defendant claims that like a writ of habeas corpus, concurrent jurisdiction should exist for resentencing pursuant to section 1170.18 because resentencing was not raised on appeal, it involves evidence existing outside the appellate record, and "the trial court's reduction of qualified counts of conviction will not impact this Court's decision with respect to appellate issues raised." We are not persuaded. The constitutional grant of original jurisdiction to all courts to hear writs of habeas corpus renders those proceedings sui generis and the judicial interpretations of that jurisdiction inapplicable to statutory proceedings such as this one. Moreover, as noted above, the language of section 1170.18 is substantially similar to that of section 1170.126. *Yearwood* had been decided before Proposition 47 was approved by the voters. Thus, as we stated above, the voters were presumptively aware that the language of section 1170.18 would not create an exception to the trial court's jurisdictional divestment that exists once an appeal is filed. (*Scott*, *supra*, 58 Cal.4th at p. 1424.) Had voters intended for the trial court to be able to act while an appeal is pending, they could have expressly provided for that jurisdictional concurrence. They did not.

**D. *Voters' Intent***

Nor are we convinced that the voters' intent would be frustrated if we were to conclude that section 1170.18 does not create concurrent jurisdiction for the trial court. Defendant asserts that Proposition 47 "emphasiz[es] monetary savings." We recognize the stated purpose and intent of Proposition 47 was, among other things, "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs . . . ." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) By concluding there is no concurrent jurisdiction to resentence a defendant pursuant to section 1170.18, we merely delay the resentencing; we do not preclude its application. Thus, there is still the potential for monetary savings, even if the savings are not as extensive as they may otherwise be. Additionally, for

12

someone like defendant, whose sentence includes a principal term of six years for child endangerment, which is not subject to resentencing under Proposition 47, a delay in resentencing is not likely to alter the cost savings to the prison system at all. And, a person who would prefer to seek relief by resentencing has the option of abandoning their appeal prior to filing their petition pursuant to section 1170.18 in the trial court.

Defendant also asserts that Proposition 47 "contemplated immediate relief." Nothing in section 1170.18 or Proposition 47 indicates immediate relief was contemplated. If voters intended there to be immediate relief, there would be no cause to create such a lengthy period to seek recall and resentencing relief—three years, or longer on a showing of good cause. Section 1170.18 could also require the trial courts to act on petitions within a shortened timespan; it does not so provide. Thus, we do not find any evidence of this asserted intention in the statute or initiative.

Defendant further argues that judicial economy will be thwarted if trial courts cannot act while an appeal is pending. She claims a second appeal could be averted by concurrent jurisdiction. Her claim relies on the fallacious assumption that we would have jurisdiction to review the trial court's actions in the recall and resentencing as part of our review of the initial judgment. (See *People v. Contreras* (2015) 237 Cal.App.4th 868.) And concurrent jurisdiction would not support judicial economy. Our efforts to review the initial judgment may be rendered futile; we may be asked to review conflicting judgments, each with different errors to be corrected; and the trial court may be asked to effectuate a remittitur against a judgment that has since been modified. These scenarios would lead to chaos, confusion, and waste—not judicial economy. Additionally, there is nothing that indicates judicial economy was even contemplated by the voters.

We do recognize that several people with pending appeals have been resentenced ostensibly pursuant to section 1170.18 while their appeals were pending. This does create a quagmire, especially as regards individuals who have been released as a result of

13

their resentencing. However, that is an insufficient reason for us to find concurrent jurisdiction where it was not statutorily afforded.

### E. *Election of Rights*

We also reject defendant's claim that, by finding there is not concurrent jurisdiction, we are forcing defendant into a "constitutionally untenable dilemma" in which she must decide whether to seek resentencing or to pursue her appeal. Defendant relies on *Simmons v. United States* (1968) 390 U.S. 377, 393-394 [19 L.Ed.2d 1247, 1259], which held that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." The court reasoned that if a defendant's testimony was later admissible, it would require the defendant to surrender either his Fourth or Fifth Amendment rights in order to assert the other. (*Simmons*, 390 U.S. at pp. 393-394 [19 L.Ed.2d at p. 1259].)

This authority is inapplicable. There are no constitutional rights involved here: The right to appeal and the right to pursue recall and resentencing are both statutory. (§ 1170.18; *People v. Loper* (2015) 60 Cal.4th 1155, 1159.) And, neither right is infringed. If a person pursues his or her appeal, he or she may then pursue recall and resentencing, if it is necessary, after the appeal is final. We acknowledge this rule may yield harsh results for a given defendant. However, we trust solutions exist that may mitigate, though not completely resolve, the resulting challenges facing a particular defendant.[4] Moreover, greater problems would ensue for litigants generally if we were to eschew the jurisdictional principles involved here.

---

[4] For instance, one potential solution that may be available to an eligible defendant during the pendency of an appeal would be to request from the appellate court a stay of execution of the sentence on the counts subject to resentencing. Admittedly, this remedy may pose its own complications in that eligible persons may still be subject to punishment for the misdemeanor and a year of parole on their release under the

Therefore, we conclude the trial court lacked jurisdiction to recall defendant's sentence and to resentence her pursuant to section 1170.18 while this appeal was pending.[5]  Accordingly, as we previously stated in *People v. Noyan* (2014) 232 Cal.App.4th 657, 672, defendant may "petition[] for recall of sentence in the trial court once [her] judgment is final . . . ."

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  (***CERTIFIED FOR PUBLICATION***)


                                        BUTZ           , J.

We concur:


    RAYE         , P. J.


    RENNER      , J.

---

resentencing provisions.  (§ 1170.18, subd. (d).)  Thus, a stay of execution on a defendant's felony sentence could cause him or her to be released while the appeal is pending, and then require him or her to be incarcerated or placed on parole once the resentencing has occurred.  Thus, though such an effort would mitigate the severity of the consequences produced by this rule, it would not resolve all issues.

[5] In *People v. Awad* (2015) 238 Cal.App.4th 215, where a trial court denied a defendant's petition for recall and resentencing pursuant to section 1170.18 due to lack of jurisdiction in light of a pending appeal, the Fourth District Court of Appeal, Division Three, held that a reviewing court may stay a pending appeal and issue a limited interim remand to the trial court for purposes of conducting a hearing on the petition for recall and resentencing.  *Awad* does not apply here, where the trial court granted defendant's petition despite the pending appeal and without any direction from this court.