Filed 11/24/15  P. v. Zepeda CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD SANCHEZ ZEPEDA,<br><br>    Defendant and Appellant. | B262223<br><br>(Los Angeles County<br>Super. Ct. No. KA098151) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jack Hunt, Judge.  Reversed and remanded.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2012, Richard Sanchez Zepeda pled no contest to one count of second degree commercial burglary. In January 2015, Zepeda petitioned for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18; Proposition 47).[1] The trial court denied the petition on the ground that the statute was prospective only. We reverse the trial court order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2012, Zepeda pled no contest to one count of second degree commercial burglary (§ 459), a felony. He admitted one prior strike. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)[2] The charge arose out of an incident in which Zepeda was caught shoplifting items worth a total of $124.94 from a Target store. Zepeda was sentenced to a total prison term of four years.

In January 2015, Zepeda filed a petition pursuant to section 1170.18, seeking recall of his sentence and resentencing, pursuant to Proposition 47. The trial court denied the petition, stating: "In this matter, the defendant was charged with second degree burglary. It's not subject to Prop. 47. As to burglaries, it's prospective, not retroactive. Denied." This appeal timely followed.

## DISCUSSION

Zepeda argues, and the People concede, that the trial court erred in denying the petition on the ground that Proposition 47 is not retroactive.

Under section 1170.18, subdivision (a), " 'A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [enumerated sections, including section 459.5], as those sections have been amended or added by this act.' The trial court must then determine if the petitioner is eligible for

---

[1]   All further statutory references are to the Penal Code.

[2]   The strike was a 2008 conviction for attempted robbery (§§ 211, 664.)

2

resentencing; if so, the trial court must recall and resentence the petitioner, unless it determines that doing so 'would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)  A person seeking relief under this section must file his or her petition 'within three years after the effective date of the act that added this section or at a later date upon a showing of good cause.'  (§ 1170.18, subd. (j).)" (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 924.)

Section 459.5 provides:  "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170."

Under section 459.5, Zepeda's offense—stealing under $200 of merchandise from a store—would be characterized as misdemeanor shoplifting, not burglary.  There was no allegation in the underlying case or any other indication in the record that Zepeda suffered a disqualifying conviction under section 667, subdivision (e)(2)(C)(iv), or section 290, subdivision (c).  In accordance with section 1170.18, subdivisions (a) and (b), he was entitled to recall of his sentence and resentencing.

The trial court denied the petition on the ground that Proposition 47 is not retroactive as to burglaries.  However, retroactivity was not at issue in this case.  Zepeda was not, for example, contending on direct appeal that he was entitled to a misdemeanor sentence.  His case was final at the time the initiative was enacted. (See e.g., *People v. Shabazz* (2015) 237 Cal.App.4th 303, 312-313.)  Thus he was proceeding solely under section 1170.18, subdivision (a), which squarely applied to defendants like him, serving a sentence for a felony and who would have been guilty of a misdemeanor had Proposition

47 been in effect at the time of the offense.  That provision authorized him to seek a recall of his sentence and resentencing.

Because the trial court incorrectly concluded Proposition 47 could not apply to Zepeda's conviction, we reverse the order and remand for further proceedings.

## DISPOSITION

The trial court order denying Zepeda's petition is reversed.  On remand, the trial court is directed to grant the petition and resentence Zepeda to a misdemeanor under section 459.5 unless it "determines that resentencing [him] would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)

BIGELOW, P.J.

We concur:


FLIER, J.


GRIMES, J.