Filed 1/20/16  P. v. Farias CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077761 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF135118) |
| v. | |
| ISMAEL PAUL FARIAS, | |
| Defendant and Appellant. | |

Defendant Ismael Paul Farias pleaded no contest to assault with a deadly weapon and admitted enhancements for personally inflicting great bodily injury and two prior prison terms (§ 667.5, subd. (b)).[1]  The trial court sentenced defendant to a stipulated term of nine years in state prison.

On appeal, defendant claims the trial court erred in failing to grant his motion to recall his sentence and eliminate the enhancements for the two prior prison terms, which

---

[1] Further undesignated statutory references are to the Penal Code.

1

were reduced to misdemeanors after his sentencing pursuant to Proposition 47. We conclude the trial court lacked jurisdiction to consider the motion to the extent it sought to modify sentence enhancements that were already subject to a pending appeal. For this reason, we affirm the judgment without reaching the question of whether the enhancements for prior prison terms were eligible for reduction.

## I. BACKGROUND

We dispense with the facts of defendant's crime as they are unnecessary to resolve this appeal.

Defendant was sentenced on October 9, 2014. As part of his sentence, he was subject to two consecutive one-year terms for the prior prison term enhancements. Those enhancements were based on a 2010 conviction for second degree burglary and a 2012 conviction for felony petty theft with a prior.

Trial counsel filed a notice of appeal for defendant on November 5, 2014. On December 3, 2014, the trial court allowed defendant to file a second notice of appeal in which the court granted a certificate of probable cause.

On February 4, 2015, while his appeal was pending, defendant filed a petition for recall of sentence and redesignation of convictions pursuant to section 1170.18. The trial court designated the prior burglary and petty theft with a prior conviction as misdemeanors, but did not resentence him on the prior prison term enhancements as they affect the sentence he is currently serving for assault with a deadly weapon.

## II. DISCUSSION

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a);

2

see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Among the crimes subject to redesignation and resentencing are petty theft with a prior and certain burglaries. (§ 1170.18, subd. (a).)

Since the prior prison term enhancement requires that defendant was convicted of a felony and served a prison term for that conviction (§ 667.5, subd. (b)), defendant contends the enhancements should be stricken because that is no longer the case. We do not reach this issue because the trial court was without jurisdiction to consider the petition for recall of sentence as applied to convictions currently the subject of a pending appeal.

At the time defendant filed his section 1170.18 petition in the trial court, defendant's appeal of his 2014 conviction and sentence was pending in this court. Because an appeal was pending, the trial lacked jurisdiction to recall his sentence and resentence him under section 1170.18 with respect to the convictions or sentence enhancements that are the subject of the pending appeal. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929.) We also lack jurisdiction to strike the priors in this appeal because section 1170.18 is the sole means by which a defendant can seek resentencing and requires a motion to recall filed in the trial court. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.) We therefore decline defendant's invitation to remand the case with instructions to vacate the prison priors.

Nonetheless, defendant may "petition[] for recall of sentence in the trial court once his judgment is final." (*People v. Noyan, supra*, 232 Cal.App.4th at p. 672; *People v. Scarbrough, supra*, 240 Cal.App.4th at p. 930.)

## III. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MAURO, J.

4