Filed 3/8/16  P. v. Mitchem CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERALD MITCHEM,<br><br>    Defendant and Appellant. | B262878<br><br>(Los Angeles County<br>Super. Ct. No. KA104966) |

APPEAL from an order of the Superior Court of Los Angeles County, Jack P. Hunt, Judge.  Reversed and remanded.

Emily Lowther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Mitchem petitioned for resentencing in the trial court (Pen. Code, § 1170.18). The trial court denied the petition at a hearing at which neither appellant nor his counsel were present, finding the statute prospective only. Because the court erred, we reverse and remand for the court to consider the petition on the merits.

## DISCUSSION

Appellant contends, and the People agree, that he is entitled to seek relief under Penal Code section 1170.18, subdivision (a), after the adoption by the voters of Proposition 47 in November 2014. We also agree.

Mitchem entered a plea of no contest to a charge of second degree burglary under Penal Code section 459, and was sentenced to a four-year term in 2014. On January 26, 2015, he filed a petition for resentencing pursuant to Penal Code section 1170.18, subdivisions (a) and (f). The trial court called the matter on January 26, 2015, and in the presence of the District Attorney, but neither Mitchem nor his counsel, denied the motion. Mitchem appealed.

We find the trial court erred in failing to consider the petition on the merits: "Section 1170.18, subdivision (a), provides in pertinent part: 'A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [enumerated sections, including Health and Safety Code section 11350], as those sections have been amended or added by this act.' The trial court must then determine if the petitioner is eligible for resentencing; if so, the trial court must recall and resentence the petitioner, unless it determines that doing so 'would pose an unreasonable risk of danger to public safety.' (Pen. Code, § 1170.18, subd. (b).)" (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 924; accord, *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092.)

Appellant is entitled to have his petition considered on the merits.

2

## DISPOSITION

The order is reversed, and the matter remanded for hearing.


ZELON, Acting P. J.


We concur:


SEGAL, J.


BLUMENFELD, J.[*]

---
[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.