Filed 6/28/16  P. v. Carriedo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO CESAR CARRIEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B267112<br>(Super. Ct. No. 2014021873)<br>(Ventura County) |

Julio Cesar Carriedo was sentenced to four years in county jail and one year of mandatory supervision after being convicted of unlawfully driving a vehicle (Veh. Code, § 10851, subd. (a)), receiving stolen property (Pen. Code, § 496d, subd. (a)),[1] and possessing a smoking device (Former Health & Saf. Code, § 11364.1, subd. (a)).  While his appeal from those convictions was pending (Case No. B261314), appellant filed a Proposition 47 petition for resentencing pursuant to section 1170.18, subdivision (a).  Appellant contended that because the violation of Vehicle Code section 10851, subdivision (a), is a theft offense, his unlawful receiving and driving of a vehicle worth less than $950 is a misdemeanor under Proposition 47.  The trial court denied the petition on the merits.  Appellant appeals that ruling.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

The People contend, and we agree, the trial court's order denying the petition for resentencing is void because the court lacked jurisdiction to hear the petition while the appeal from appellant's convictions and sentence was pending.[2] (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 920, 929 (*Scarbrough*).)  Accordingly, we reverse the order denying the petition and remand with instructions to dismiss the petition.

## DISCUSSION[3]

The passage of Proposition 47 created section 1170.18, which allows any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case [and] to request resentencing . . . ." (§ 1170.18, subd. (a).)  Certain theft-related offenses are among the crimes subject to redesignation and resentencing under Proposition 47.  (*Ibid.*)

A trial court, however, lacks jurisdiction to hear a petition for resentencing if the defendant has a pending appeal from the judgment.  (*Scarbrough*, *supra*, 240 Cal.App.4th at pp. 920, 929.)  "Neither the language nor intent of section 1170.18 or Proposition 47 . . . creates an exception to the general rule that a trial court may not issue an order affecting a judgment while an appeal is pending."  (*Id.* at pp. 922, 929.)  The court in *Scarbrough* rejected the defendant's argument that judicial economy would be promoted by allowing concurrent jurisdiction in such cases.  It determined that concurrent jurisdiction would render an appellate court's efforts "futile" because the court "may be asked to review conflicting judgments, each with different errors to be corrected;

---

[2] The appeal from appellant's convictions and sentence is still pending.  Briefing was completed on March 30, 2016.  The appeal challenges (1) appellant's dual convictions for receiving and driving a stolen vehicle and (2) the sentences appellant received for those convictions.

[3] We dispense with the facts of appellant's crime as they are unnecessary to resolve this appeal.

2

and the trial court may be asked to effectuate a remittitur against a judgment that has since been modified.  These scenarios would lead to chaos, confusion, and waste—not judicial economy."  (*Id.* at p. 928.)

Here, it is undisputed that appellant petitioned the trial court for resentencing while his appeal was pending from the underlying convictions and sentence. Appellant appealed the judgment on January 23, 2015, and the trial court heard and denied the petition for resentencing on September 4, 2015.  Because the  trial court lacked jurisdiction to hear appellant's petition, its order is void and must be reversed. (*Scarbrough*, *supra*, 240 Cal.App.4th at pp. 920, 929; see *Ruiz v. Ruiz* (1980) 104 Cal.App.3d 374, 379, fn. 5 ["The proper procedure is to reverse [a] void order rather than dismiss the appeal from it"]; *Ochoa v. Dorado* (2014) 228 Cal.App.4th 120, 133, fn. 8 [same].)  Appellant may "petition[] for recall of sentence in the trial court once his judgment is final . . . ."  (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672; *Scarbrough*, at p. 930.)

## DISPOSITION

The order denying the Proposition 47 petition for resentencing is void for lack of jurisdiction.  The order is reversed and the matter remanded to the trial court with instructions to enter an order dismissing the petition.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

3

Manuel J. Covarrubias, Judge

Superior Court County of Ventura
_____

Law Office of Christina A. Barnes and Christina Alvarez Barnes, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Abtin Amir, Deputy Attorney General, for Plaintiff and Respondent.