Filed 7/20/16  P. v. Winner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C080965 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM035413, CM041745) |
| v. | |
| STACY ALAN WINNER, | |
| Defendant and Appellant. | |

Defendant Stacy Alan Winner appeals from the trial court's order removing his Penal Code section 1170.18[1] petition for resentencing from calendar, which the parties agree functioned as a denial of the petition.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

The matter from which defendant purports to appeal (consolidated cases Nos. CM035413 and CM041745) was *already on appeal* from a previous section 1170.18 resentencing at the time his petition was denied. The Attorney General asserts the trial court lacked jurisdiction to entertain defendant's petition as the underlying judgment was on appeal at the time of the order. Defendant did not address jurisdiction in his opening brief, and he did not file a reply brief. We agree with the Attorney General; accordingly, we shall dismiss the appeal.

## BACKGROUND

We do not set forth the details of defendant's crimes as their consideration is unnecessary to resolve this appeal. It suffices to say that defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and five prior prison terms (§ 667.5, subd. (b)) in case No. CM035413. The trial court granted defendant's motion to strike the strike prior, suspended imposition of sentence, and placed defendant on 48 months of formal probation.

Defendant later pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in case No. CM041745 and admitted violating his probation in case No. CM035413. The trial court sentenced defendant to seven years eight months in state prison for the two cases.

On November 12, 2014, defendant filed a section 1170.18 petition for resentencing on the possession conviction in case No. CM041745. The trial court granted the petition, reducing the possession conviction to a misdemeanor, and resentenced defendant. Defendant filed (two) timely notices of appeal as to the trial court's order, both designating case No. CM041745. On October 8, 2015, we granted appellant's motion to consider the notice(s) of appeal as also including case No. CM035413.

On October 30, 2015, defendant filed a second section 1170.18 petition in an unspecified case number which the court later clarified was case No. CM041745. At the hearing on the petition, the trial court was informed that the appeal from its order on defendant's first petition (in these same two cases) was still pending. The court removed the matter from calendar without ruling. Defendant timely appealed from the order removing the hearing from calendar, including both cases (Nos. CM041745 and CM035413) on his notice of appeal.

## DISCUSSION

Defendant contends the trial court should have granted his second section 1170.18 petition as to the prison prior; as we have noted, he does not address jurisdiction.

Defendant's appeal of the trial court's ruling on his first petition was pending when the trial court held the hearing on defendant's second petition on November 20, 2015.[2] We had already deemed both relevant cases to be included in his appeal. "We normally review a trial court's ruling based on the facts known to the trial court at the time of the ruling. [Citation.]" (*People v. Cervantes* (2004) 118 Cal.App.4th 162, 176.) The pending appeal of the only two cases arguably affected by the trial court's decision in the first petition deprived the trial court of jurisdiction to rule on the second petition concerning these same two cases. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929.) We shall therefore dismiss the appeal.[3]

---

[2] We grant defendant's request, in which the Attorney General joins, to take judicial notice of our files in the appeal from the trial court's ruling on the first petition, which was decided while the appeal in this case was pending. (See *People v. Winner* (June 14, 2016, C079939) [nonpub. opn.].)

[3] Given our decision to dismiss the appeal, we do not address defendant's claims.

## DISPOSITION

The appeal is dismissed.

/s/

Duarte, J.

We concur:

/s/

Butz, Acting P. J.

/s/

Murray, J.