Filed 2/1/21  P. v. Flitcroft CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CALEB JAMES FLITCROFT,<br><br>     Defendant and Appellant. | A158033<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR0568281) |

Caleb James Flitcroft appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  The trial court denied his petition on the ground he was ineligible for relief because he was not convicted under a theory of felony murder or murder under the natural and probable consequences doctrine.  On appeal, Flitcroft contends he made a prima facie case for resentencing by checking the correct boxes on his form

---

[1]     All statutory references herein are to the Penal Code.

1

petition, and the court violated his statutory and constitutional rights by not appointing counsel, not allowing briefing, and summarily denying his petition based on his record of conviction. We will affirm.

## I. FACTS AND PROCEDURAL HISTORY

An information charged Flitcroft with the murder of his girlfriend, Brittany Syfert (§ 187), and the attempted murder of Rudy Flores (§§ 187, 189, 664). As to each count, the information alleged an enhancement for the personal and intentional discharge of a firearm. (§ 12022.53, subds. (c) & (d).)

### A. Trial, Conviction, and Prior Appeal

As set forth in our opinion in an earlier appeal, evidence was presented at trial that Flitcroft exchanged blows with guests at Brittany's birthday party, stated he was "through with her," retrieved from his bedroom a nine millimeter semi-automatic handgun with ten bullets in the clip, and walked quickly out of the house toward Brittany "like he was on a mission." Within about 10 feet of Brittany, Flitcroft stopped, "raised his gun, aimed, and fired a number of shots in the direction of Rudy and Brittany," who were about a foot apart. Five shots hit Brittany, in her back, chest, and arm, while one bullet grazed Rudy's side. Brittany was taken to a hospital, where she died.

The jury found Flitcroft guilty of second degree murder as to Brittany and the attempted voluntary manslaughter of Rudy. It also found both firearm enhancements true. The court sentenced Flitcroft to the maximum term of 40 years to life for Brittany's murder (15 years to life, plus 25 years to life for the firearm enhancement) and a concurrent three-year term for the attempted voluntary manslaughter (18 months plus 18 months for the enhancement).

2

In June 2009, we affirmed the judgment (appeal number A121091); our Supreme Court denied review in August 2009.

B. First Resentencing Petition

In May 2019, Flitcroft filed a petition in the trial court for resentencing pursuant to section 1170.95, which, as discussed ante, allows for the resentencing of defendants who were convicted of murder under a felony murder or natural and probable consequences theory. Although Flitcroft did not meet this criteria, he checked boxes on the form petition alleging the following: "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine;" "I request that this court appoint counsel for me during this re-sentencing process[;]" and "I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019."

In June 2019, without appointing counsel or holding a hearing, the court denied the petition by written order, stating: "The court received and reviewed the petition of Caleb James Flitcroft, filed May 16, 2019, for recall and resentencing pursuant to Penal Code Section 1170.95. After an in chambers review of the court file and the subsequent opinions of the Court of Appeal, the petition is summarily denied because the petitioner is not entitled to relief as a matter of law. [¶] The court file reflects that the Petitioner was convicted as the actual killer and not under a theory of felony murder. The Petitioner was also convicted of intentionally and personally discharging a firearm causing death pursuant to Penal Code Section 12022.53(d). No other individual was charged with the commission of the murder and the factual record indicates, without contradiction, that the

3

Petitioner acted alone. There was no other target offense. There were no instructions on felony murder or accomplice liability. Though the jury was instructed on the natural and probable consequences doctrine in the context of CALCRIM 520, it was with respect to implied malice in the homicide, and not with respect to a target offense. [¶] Where, as here, there is no other actor involved in the killing and the conduct of the petitioner was shooting the victim repeatedly with a firearm causing her death, the changes to Penal Code Section 189 provide the defendant no relief. No purpose would be served by issuing an Order to Show Cause or holding further proceedings."

Flitcroft filed his notice of appeal in August 2019.

C. Second Resentencing Petition

In July 2019—after the trial court's denial of his initial resentencing petition but before filing his appeal from that order—Flitcroft filed a second petition for resentencing. In September 2019, the court noted that it likely lacked jurisdiction because, by that time, Flitcroft had filed his appeal from the earlier order. Nonetheless, the court directed the prosecutor to respond to the petition.

In November 2019, the court denied Flitcroft's second petition, stating that Flitcroft's appeal from the denial of the first petition deprived the court of jurisdiction to recall his sentence, and, assuming arguendo the court did have jurisdiction, the petition was "summarily denied because the petitioner is not entitled to relief as a matter of law." The parties agree that the court's order has no bearing on this appeal. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 922.)

## II. DISCUSSION

Flitcroft does not question the court's conclusion that he is ineligible for resentencing under section 1170.95 because he was the actual killer.

4

Nonetheless, he insists, because he checked the right boxes on the resentencing form, he made a facial showing that he was within the statutory provisions and the court was therefore required to appoint counsel and await the prosecution's response. In his view, the court violated the statute, his Sixth Amendment right to counsel, and his federal due process rights by looking beyond the face of the petition to summarily deny it.

A. Section 1170.95

Senate Bill No. 1437, effective January 1, 2019, revised the felony murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2–4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3)

5

The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel.

Flitcroft complied with subdivision (b), but at issue here is subdivision (c), which dictates how the court must handle the petition. Subdivision (c) reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." The remainder of section 1170.95 provides, among other things, that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)–(g).)

B. Flitcroft Fails to Demonstrate Reversible Error

As mentioned, Flitcroft contends he made a prima facie case for relief under section 1170.95, subdivision (c) by checking the proper boxes on his petition form, so the court was obligated to appoint counsel and could not rely on evidence outside the petition to summarily deny it.

6

While the issue is pending before our Supreme Court, multiple courts of appeal have rejected that argument, concluding that the court can find the petitioner failed to make a prima facie case and summarily deny the petition, without appointment of counsel, not only if there is a deficiency on the face of the petition but also where the record of conviction demonstrates that the petitioner is ineligible as a matter of law. (See, e.g., *People v. Lewis* (2019) 43 Cal.App.5th 1128, 1137–1138 (*Lewis*), review granted March 18, 2020, No. S260598; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted March 18, 2020, No. S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328–330 (*Verdugo*), review granted March 18, 2020, No. S260493; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673–675, review granted July 8, 2020, No. S262481; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899 (*Tarkington*), review granted, August 12, 2020, No. S263219.)

Under this line of cases, section 1170.95, subdivision (c) is deemed to set forth a two-step procedure. The first step corresponds to the first sentence of subdivision (c), which provides that the court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." In this first-step review, the court need not appoint counsel and can deny the petition if, based on the petition and the record of conviction, the petitioner does not meet the statutory criteria. If the petitioner makes this initial prima facie showing, the matter proceeds to step two (starting with the second sentence of the subdivision), at which the court appoints counsel if requested, orders briefing, and decides whether the petitioner has made a prima facie showing of "entitle[ment] to relief;" if the petitioner makes this prima facie showing, the court issues an order to show cause and holds a hearing. (E.g., *Lewis, supra,*

7

43 Cal.App.5th at pp. 1139–1140; *Cornelius, supra*, 44 Cal.App.5th at p. 58; *Verdugo, supra,* 44 Cal.App.5th at pp. 328–330.)

Applying that approach here, while Flitcroft checked the right boxes on his petition, his record of conviction shows unequivocally that he does not in fact fall within the statutory provisions—namely, the requirement that the petitioner was convicted under a felony murder or natural and probable consequences theory. The jury convicted Flitcroft of second degree murder and found that he *personally* and intentionally used a firearm to commit the crime, thus finding implicitly that he was the actual killer. (*Cornelius, supra*, 44 Cal.App.5th at p. 58 [noting these jury findings created an implicit finding that the defendant was the actual killer].) The jury had not been instructed on any derivative theory of liability. (*Edwards, supra,* 48 Cal.App.5th at pp. 673–675 [considering jury instructions and charging information].) And our opinion in Flitcroft's prior appeal illustrated plainly that Flitcroft was the lone shooter and the actual killer. (*Lewis, supra,* 43 Cal.App.5th at pp. 1137–1138 [considering appellate opinion]; *Verdugo, supra*, 44 Cal.App.5th at pp. 328–330 [same].) Under this precedent, the court did not err.

However, a different view of section 1170.95, subdivision (c) was advanced by our colleagues in Division One of this appellate district in *People v. Cooper* (2020) 54 Cal.App.5th 106 (*Cooper*), review granted November 10, 2020, No. S264684. There, the trial court denied a resentencing petition without appointing counsel, concluding that the petitioner was ineligible for resentencing as a matter of law based on the transcript of the preliminary hearing. (*Id.* at p. 108.) The court of appeal held this was error, concluding that the first sentence in section 1170.95, subdivision (c), is a topic sentence summarizing the trial court's task before issuing an order to show cause, with the later sentences detailing that procedure. (*Id.* at p. 118.) On that basis,

8

subdivision (c) does not describe two prima facie reviews with the right to counsel attaching only at the second one, but a single prima facie review requiring appointment of counsel upon request unless the petition is insufficient on its face. (*Id*. at pp. 118–123.) Further, the court ruled, the trial court improperly relied on the preliminary hearing transcript to conclude petitioner was ineligible for relief, because the transcript did not reflect a jury's factual finding or a defendant's admission, and the petitioner was not compelled to address the factual basis for his plea or facts at the preliminary hearing before counsel was appointed. (*Id*. at pp. 123–126.)

If the approach in *Cooper* is correct, the trial court here erred by summarily denying Flitcroft's petition without appointing counsel. However, as explained in *People v. Daniel* (2020) 57 Cal.App.5th 666 (*Daniel*)—which was decided by the same panel of Justices who decided *Cooper*—any such error would be harmless.

In *Daniel*, the trial court had erred by failing to appoint counsel for the petitioner before denying a resentencing petition. The court rejected the argument (which Flitcroft makes here) that the error was structural. (*Daniel, supra*, 57 Cal.App.5th at p. 674.) Further, the court ruled, the failure to appoint counsel violated a mere statutory right, not a right protected by the federal Constitution, and was subject to harmless error analysis. (*Id*. at pp. 674–675.) Harmlessness is established if the record " 'conclusively demonstrate[s] that [the petitioner] was ineligible for relief as a matter of law,' " and a defendant "whose petition is denied before an order to show cause issues has the burden of showing 'it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing.' " (*Id*. at pp. 675–676.) Because the jury in *Daniel* was not instructed on felony

9

murder or murder under the natural and probable consequences doctrine, the petitioner was ineligible for resentencing relief as a matter of law and the error in not appointing counsel was harmless. (*Id*. at p. 677.)

Here too, the record of conviction demonstrates that Flitcroft was the actual killer of Brittany and is ineligible for relief under section 1170.95 as a matter of law. There is no reasonable probability that Flitcroft's petition would have been granted if the trial court had appointed counsel, and any error in failing to appoint counsel was harmless.[2]

## III. DISPOSITION

The order is affirmed.

---

[2]    Flitcroft argues that he had a right to counsel under the Sixth Amendment or under his federal due process rights, and that the court violated his due process rights by summarily denying his petition. The failure to appoint counsel in this context does not violate the Sixth Amendment. (*Daniel, supra*, 57 Cal.App.5th at pp. 674–676.) Even if there was federal constitutional error, the record of conviction shows so clearly that Flitcroft was the actual killer that any such error would be harmless beyond a reasonable doubt.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Flitcroft* / A158033

11