Filed 7/18/16  P. v. Edward CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MEL TYRONE EDWARD,<br><br>    Defendant and Appellant. | B264987<br><br>(Los Angeles County<br>Super. Ct. No. BA180721) |

APPEAL from an order of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Dismissed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Noah P. Hill, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Mel Tyrone Edward appeals from the order denying his petition for resentencing under Proposition 47. (Pen. Code, § 1170.18.)[1] We dismiss the appeal because the trial court lacked jurisdiction to consider appellant's current petition during the pendency of the appeal from the denial of his earlier petition for resentencing under Proposition 36. (§ 1170.126.)

## FACTUAL AND PROCEDURAL SUMMARY

As we explained in the earlier appeal (*People v. Edward* (Oct. 9, 2015, B257940) [nonpub. opn.], *Edward II*), in 1999 appellant "was convicted by a jury of one felony count of possession of crack cocaine. (Health & Saf. Code, § 11350, subd. (a).) He was found to have sustained two prior felony strike convictions for second degree robbery, and to have served two prior prison terms. After his *Romero*[2] motion was denied, he received a third-strike sentence of 27 years to life. (§§ 667, subd. (e)(2); 1170.12, subd. (c)(2); 667.5, subd. (b).) We affirmed his conviction in a prior appeal. (*People v. Edward* (Oct. 10, 2000, B136661) [nonpub. opn.][, *Edward I*].)"

In May 2013, appellant petitioned for resentencing under Proposition 36, on the ground that his current conviction is for a felony that is neither violent nor serious. The trial court made a preliminary finding of eligibility, but after holding a hearing under section 1170.126, subdivision (f), denied the petition on the ground that resentencing defendant would pose an unreasonable risk of danger to public safety. The appeal in *Edward II* followed, and during its pendency the voters approved Proposition 47. Appellant argued that proposition implicitly amended Proposition 36 by redefining the "unreasonable risk of danger to public safety" standard in section 1170.126. We disagreed and affirmed the denial of his petition for resentencing under Proposition 36. The California Supreme Court granted appellant's petition for review (case No. S230685) but deferred consideration until decision of two other pending cases. (*People v. Chaney*

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

(2014) 231 Cal.App.4th 1391, rev. granted Feb. 18, 2015 (S223676); *People v. Valencia* (2014) 232 Cal.App.4th 514, rev. granted Feb. 18, 2015 (S223825).)

Meanwhile, in May 2015, appellant petitioned to have his drug conviction reduced to a misdemeanor under section 1170.18. The trial court concluded appellant had disqualifying prior convictions and denied the petition. This appeal followed.

## DISCUSSION

Respondent argues, and we agree, that the trial court lacked jurisdiction to consider appellant's petition for resentencing under Proposition 47 during the pendency of his appeal from the denial of his petition under Proposition 36.

A postjudgment order denying a petition for resentencing under Proposition 36 is an appealable order (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601), and once an appeal is timely filed from such an order, the trial court is divested of jurisdiction over its subject matter. (See *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 ["'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court'"].) The goal is to protect the jurisdiction of the appellate court by preserving the status quo "so that an appeal is not rendered futile by alteration. [Citations.]" (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923.) Since the trial court is divested of jurisdiction during the pendency of the appeal, any action it takes is null and void. (*Ibid.*)

Respondent relies on *People v. Yearwood* (2013) 213 Cal.App.4th 161 and *People v. Scarbrough*, *supra*, 240 Cal.App.4th 916, which held the trial court lacked jurisdiction to consider a petition for resentencing under Proposition 36 and Proposition 47, respectively, during the pendency of the appeal from the underlying judgment of conviction. Appellant seeks to distinguish those cases on the ground that the appeal in *Edward II* was not from the judgment of conviction, which has long become final. That is a distinction without a difference. The general rule that trial courts are divested of jurisdiction during the pendency of an appeal is not limited to appeals from the original judgment of conviction; nor is it limited to the specifics of the order pending on appeal.

3

(See *People v. Murphy* (1969) 70 Cal.2d 109, 116 [appeal stays all further proceedings in trial court upon order or judgment appealed from and matters embraced therein].) Rather, the rule "'prevents the trial court from rendering an appeal futile by altering the appealed judgment [or order] . . . by conducting other proceedings that may affect it.' [Citation.]" (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089.)

We do not agree with appellant's argument that the petitions for resentencing under the two propositions are completely unrelated. The petitions were filed in the same case and pertained to the same subject matter: the sentence for his current conviction. His entitlement to recall that sentence is at issue in both petitions. Under Proposition 36, which was adopted to reform the Three Strikes law, a defendant sentenced as a third striker and currently serving a sentence of 25 years to life for a third felony conviction that does not qualify as a serious or violent felony may, under specified circumstances, be resentenced as if he were a second striker and had only one prior serious or violent felony conviction. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285.) On the other hand, under Proposition 47, a defendant currently serving a felony sentence for certain theft and drug offenses may, under specified circumstances, be resentenced to a misdemeanor. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) Treating petitions filed under the two initiatives as completely unrelated has the potential of creating just as much "chaos, confusion, and waste," as considering a petition during the pendency of a direct appeal from a judgment. (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 928.) It is not inconceivable that unrelated proceedings for sentence recall under both voter initiatives may result in inconsistent sentencing of the same defendant as a misdemeanant, and second or third striker at the same time.

Appellant cites *People v. Awad* (2015) 238 Cal.App.4th 215, where the trial court denied the defendant's petition for resentencing under Proposition 47 for lack of jurisdiction during the pendency of the appeal from the judgment of conviction. The defendant sought to expedite the pending appeal. (*Id*. at p. 219.) As an alternative to expediting the appeal, the reviewing court stayed it and issued a limited interim remand

4

to the trial court for purposes of conducting a hearing on the Proposition 47 petition. (*Id*. at p. 222.)

The relief granted in *People v. Awad*, *supra*, 238 Cal.App.4th 215 has no application to cases where, as here, the trial court acted without jurisdiction in considering defendant's petition on the merits "despite the pending appeal and without any direction from this court." (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 930, fn. 5.) Moreover, we no longer have jurisdiction over the appeal in *Edward II*, which is currently pending before the state Supreme Court. (See Cal. Rules of Court, rules 8.264(b), 8.512(b)-(c).)

We recognize the concern that because many misdemeanor sentences are relatively short, Proposition 47 would not have its intended effect unless trial courts can quickly consider petitions for resentencing by those serving sentences for qualifying felony convictions. (*People v. Awad*, *supra*, 238 Cal.App.4th at p. 221.) But nothing in Proposition 47 suggests the voters intended that there be immediate relief, as the initiative allows "a lengthy period to seek recall and resentencing relief—three years, or longer on a showing of good cause." (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 928; see § 1170.18, subd. (j).) Moreover, third strikers, such as appellant, serving indeterminate life sentences, would still benefit substantially if found eligible under Proposition 47, whether or not they receive immediate relief.

Because the trial court lacked jurisdiction to consider appellant's petition for resentencing under Proposition 47 during the pendency of the appeal from the denial of his Proposition 36 petition, its order did not affect his substantial rights and is not appealable. This appeal, therefore, must be dismissed. (See § 1237, subd. (b); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.) Appellant argues that he would be time barred if he were to wait for the appeal in *Edward II*, *supra*, to conclude before he could petition for relief under Proposition 47. The trial court's lack of jurisdiction to consider appellant's Proposition 47 petition during the pendency of that appeal may provide good cause for the delay in seeking relief.

## DISPOSITION

The appeal is dismissed.  This order is without prejudice to consideration of appellant's Proposition 47 petition by the Superior Court upon conclusion of the appeal in *Edward II*.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                    EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

6