Filed 7/18/16  P. v. Alonzo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B265298 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA130424) |
| v. | |
| RAYMOND C. ALONZO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge. Dismissed.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Mary Sanchez and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Raymond C. Alonzo appeals from the order denying his petition for resentencing under Proposition 47. (Pen. Code, § 1170.18.)[1] We dismiss the appeal because the trial court lacked jurisdiction to rule on defendant's petition while the appeal from his judgment of conviction was pending.

## FACTUAL AND PROCEDURAL SUMMARY

As we explained in the earlier appeal (*People v. Alonzo* (Jan. 8, 2016, B256919 [nonpub. opn.] (*Alonzo I*)), in October 2013, defendant was arrested for driving a Toyota Camry that had been reported stolen nine days before. A shaved Allen wrench was found in the ignition. In 2014, "defendant was charged with unlawful driving or taking of a vehicle with a prior conviction. (§ 666.5.) The information alleged that he had served two prior prison terms and had suffered three prior theft convictions: in 2005 for unlawful driving or taking of a vehicle (No. BA285678) (Veh. Code, § 10851, subd. (a)); in 2006 for felony grand theft auto (No. BA301302) (§ 487, subd. (d)(1)); and in 2008 for felony grand theft auto (No. YA071291) (§ 487, subd. (d)(1)). The 2006 conviction (No. BA301302) was alleged to be a serious felony strike based on the true finding on a criminal street gang allegation. (§§ 186.22, 1192.7, subd. (c)(28).).)" After a jury trial, defendant was convicted of violating section 666.5 based on his present and previous violations of Vehicle Code section 10851. He admitted his prior convictions. After his *Romero*[2] motion was denied, the trial court imposed a mid-term sentence of three years, doubled to six years under the Three Strikes law.

In June 2014, defendant filed a notice of appeal from the judgment of conviction. Subsequently, on November 5, 2014, Proposition 47 (the Safe Neighborhoods and Schools Act) went into effect. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) As a result, defendant petitioned for recall of his sentence on May 14, 2015, and requested resentencing pursuant to section 1170.18. The trial court heard and denied the

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

petition for resentencing on May 28, 2015. The basis for the denial was that neither Vehicle Code section 10851 nor section 666.5 was within the scope of Proposition 47. The trial court also denied the petition because it determined that defendant posed an unreasonable risk of danger to public safety. Defendant filed this appeal from the denial of his petition for resentencing on June 25, 2015.

We affirmed defendant's judgment of conviction in January 2016 in *Alonzo I*, and the Supreme Court denied his petition for review in April 2016.

## DISCUSSION

We asked the parties to submit supplemental briefing whether the appeal should be dismissed by the trial court for lack of jurisdiction to rule on defendant's Proposition 47 petition while the appeal in *Alonzo I* was pending. We vacated submission of the case to allow defendant additional time to brief that issue.

As the court held in *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 922 (*Scarbrough*), Proposition 47 does not create an exception to the general rule that a trial court may not issue an order affecting a judgment while an appeal is pending. The purpose of this rule is to protect the jurisdiction of the appellate court by preserving the status quo "so that an appeal is not rendered futile by alteration." (*Id.* at p. 923.) Nothing in Proposition 47 suggests the voters intended that relief under that initiative be sought or granted immediately; rather, the measure provides for three years, or longer on a showing of good cause, to petition for such relief. (*Id*. at p. 928; see § 1170.18, subd. (j).) A mere delay in obtaining relief under Proposition 47 does not frustrate the voters' general intent because the potential for judicial economy remains. (*Scarbrough*, at p. 928.) We agree with the reasoning in *Scarbrough*, and defendant's supplemental brief does not persuade us that the case was incorrectly decided.

Because the trial court lacked jurisdiction to rule on defendant's petition for resentencing under Proposition 47 during the pendency of the appeal in *Alonzo I*, its order doing so was void and did not affect his substantial rights. This appeal, therefore, must

3

be dismissed. (See § 1237, subd. (b); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.)

We deny defendant's request that we treat the Proposition 47 petition as a petition for habeas corpus. As the court in *Scarbrough* pointed out, habeas corpus proceedings are "sui generis" and should not be conflated with statutory proceedings under Proposition 47. (*Scarbrough*, *supra*, 240 Cal.App.4th at p. 927.) Moreover, the denial of a habeas corpus petition is not appealable. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.)

By separate order, we also have denied defendant's motion to stay the appeal and remand the case to the trial court pursuant to *People v. Awad* (2015) 238 Cal.App.4th 215. In that case, the pending appeal from the underlying judgment of conviction was stayed and a limited remand to the trial court was issued for purposes of conducting a hearing on the defendant's Proposition 47 petition. (*Id*. at p. 222.) This case is distinguishable from *Awad* because, here, the appeal from the judgment of conviction is final, and the only issue pending before us is the denial of defendant's Proposition 47 petition. Defendant will not be prejudiced by the dismissal of his appeal because he may refile his petition in the trial court.[3]

---

[3] We note that the issue of whether Vehicle Code section 10851 is within the scope of Proposition 47 is before the California Supreme Court in *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793. Because of that, we find unconvincing defendant's argument that his eligibility for relief under Proposition 47 is subject to a quick resolution.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                            EPSTEIN, P.J.

We concur:


WILLHITE, J.


MANELLA, J.