Filed 7/26/16  P. v. Hatfield CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C078387 & C079826 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR90451) |
| v. | |
| CALEB ROBERT HATFIELD, | |
| Defendant and Appellant. | |

In case No. C079826, defendant Caleb Robert Hatfield appeals from the trial court's order denying his motion to reduce his felony conviction for failure to appear to a misdemeanor, pursuant to Penal Code section 1170.18[1] and Proposition 47.  We consolidated this appeal with case No. C078387, his prior appeal from the underlying conviction.

---

[1] Undesignated statutory references are to the Penal Code.

1

Because defendant's appeal in case No. C078387 was pending when the trial court ruled on defendant's Proposition 47 motion, the court's order denying the motion in case No. C079826 was void for lack of jurisdiction. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916 (*Scarbrough*).) We therefore vacate that order. In case No. C078387, we reject defendant's claim on the merits and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. C078387

On May 6, 2014, defendant entered into a plea agreement whereby he pleaded guilty to felony failure to appear (§ 1320, subd. (b)) in case No. NCR90451 while charged in case No. NCR89607 with felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The plea agreement encompassed four pending cases and included a maximum sentence of four years four months.[2]

On June 2, 2014, the trial court imposed 36 months of formal felony probation in all four cases and placed defendant in adult felon drug court.

On October 14, 2014, defendant admitted violations of probation.

On December 16, 2014, the trial court granted defendant's petitions for recall of his sentencing pursuant to section 1170.18 and Proposition 47 as to the three trailing cases, reducing defendant's felony sentences in all of those cases—including his sentence on count 1 in case No. NCR89607 (felony possession of a controlled substance)—to misdemeanors. The court re-referred all four cases to probation for a new report and recommendation.

On January 20, 2015, the trial court denied probation in all four cases and sentenced defendant to three years (the upper term) in county jail (§ 1170, subd. (h)) on

---

[2] The other alleged offenses involved in the plea were violations of section 459 (case No. NCR89359) and Health and Safety Code section 11350 (case No. NCR90142).

2

the failure to appear conviction in case No. NCR90451, with 90-day sentences run concurrent on the other three cases.

On February 3, 2015, defendant filed notice of appeal from the judgment.

### Case No. C079826

On May 5, 2015, defendant filed a petition pursuant to section 1170.18 for recall of his sentence and resentencing on his felony failure to appear conviction. On June 9, 2015, the trial court purported to deny the motion, finding that a conviction for failure to appear is not eligible for Proposition 47 resentencing. On July 22, 2015, defendant filed notice of appeal from the order denying the motion.

We granted defendant's motion to consolidate the two appeals.

## DISCUSSION

### 1.0 Case No. C079826

In *Scarbrough*, *supra*, 240 Cal.App.4th at pages 920 through 930, this court held that trial courts lack subject matter jurisdiction to rule on a section 1170.18 resentencing motion while the defendant's appeal from the original judgment is pending. Therefore, any order a trial court issues on such a motion, whether purporting to grant or deny it, is void. That is the case here as to the order in case No. C078926.

Anticipating our conclusion, defendant requests that we reach the merits of his Proposition 47 argument despite *Scarbrough* "for the sake of judicial economy." Alternatively, he proposes that we find "unusual circumstances" to justify treating the appeal as a petition for writ of mandate, or that we stay his pending appeal and issue a limited interim remand under section 1260 for purposes of conducting a hearing on his section 1170.18 petition. These proposals are unavailing.

We rejected the "judicial economy" argument in *Scarbrough* for the following reasons: "Defendant . . . argues that judicial economy will be thwarted if trial courts

3

cannot act while an appeal is pending. She claims a second appeal could be averted by concurrent jurisdiction. Her claim relies on the fallacious assumption that we would have jurisdiction to review the trial court's actions in the recall and resentencing as part of our review of the initial judgment. [Citation.] And concurrent jurisdiction[, even if it existed,] would not support judicial economy. Our efforts to review the initial judgment [might] be rendered futile; we [might] be asked to review conflicting judgments, each with different errors to be corrected; and the trial court [might] be asked to effectuate a remittitur against a judgment that has since been modified. These scenarios would lead to chaos, confusion, and waste—not judicial economy. Additionally, there is nothing that indicates judicial economy was even contemplated by the voters." (*Scarbrough*, *supra*, 240 Cal.App.4th at p. 928.) Defendant gives us no grounds to reconsider these conclusions.

Defendant's proposal to treat the present appeal as a petition for writ of mandate also fails to reckon with the fact that the order on which he seeks review was void *ab initio*. Thus, we cannot properly review it under the mandate procedure any more than we can do so under the appeal procedure. The case of *H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, on which defendant relies, is distinguishable because the trial court's order there, though nonappealable, was not void for lack of jurisdiction. (*Id.* at pp. 1366-1367.)

We also reject defendant's alternative proposal that we stay his pending appeal and issue a limited remand order under section 1260 "for purposes of conducting a hearing on the petition for recall and resentencing." In *People v. Awad* (2015) 238 Cal.App.4th 215, where the appellate court chose this remedy, the trial court had refused to consider the defendant's section 1170.18 resentencing petition, filed while his appeal from the original judgment was pending, because the court recognized that it lacked jurisdiction to do so. (*Awad,* at p. 219.) Here, as in *Scarbrough*, the trial court,

4

failing to recognize its lack of jurisdiction, held a hearing on defendant's motion and purported to rule on it. We distinguished *Awad* on this basis in *Scarbrough*. (*Scarbrough*, *supra*, 240 Cal.App.4th at pp. 929-930, fn. 5.) For the same reason, we find *Awad* inapplicable here.

As in *Scarbrough*, and in *People v. Noyan* (2014) 232 Cal.App.4th 657, 672, we conclude that defendant may petition for recall of sentence in the trial court once his judgment is final. (*Scarbrough*, *supra*, 240 Cal.App.4th at pp. 929-930.)

## 2.0    Case No. C078387

In the prior appeal, defendant challenged the judgment insofar as the trial court refused to reduce his felony sentence for failure to appear to a misdemeanor. He contends that because his sentences on the remaining counts were reduced to misdemeanors pursuant to Proposition 47, his conviction for failure to appear must likewise be reduced to a misdemeanor; furthermore, his felony sentence on that count was unauthorized as a matter of law. We disagree.

Acknowledging that this issue is pending before our Supreme Court (*People v. Eandi* (2015) 239 Cal.App.4th 801, review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, review granted Nov. 18, 2015; S229046 [both being held for lead case]), we conclude that Proposition 47 does not apply to the offense of failure to appear.

Proposition 47 explicitly reduced certain specified offenses from felonies to misdemeanors, but section 1320 is not among those offenses included in the text of the proposition. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, pp. 34-36; see also *id.*, text of Prop. 47, §§ 1–18, pp. 70–74.) Failure to appear is a stand-alone offense of deceit that is based on a defendant's breach of a contractual agreement with the People (*People v. Jenkins* (1983) 146 Cal.App.3d 22,

5

28), and the ultimate disposition of the underlying offense is immaterial (cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [punishment proper regardless of the disposition of the underlying offense]).  Thus, the trial court correctly concluded that it lacked authority to reduce defendant's felony conviction for failure to appear to a misdemeanor.

## DISPOSITION

In case No. C079826, the trial court's order purporting to deny defendant's motion for resentencing under section 1170.18 is vacated.  In case No. C078387, the judgment is affirmed.

                                                   BUTZ        , J.

We concur:

     RAYE          , P. J.

     MAURO        , J.