Filed 9/2/16  P. v .Truong CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051305 |
| v. | (Super. Ct. No. 11WF0713) |
| MY HOANG THI TRUONG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher J. Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.) Affirmed and remanded with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

My Hoang Thi Truong appeals from the trial court's postjudgment order granting her petition to recall her sentence and reduce her receiving stolen property and drug possession convictions to misdemeanors. Truong argues the trial court erred by imposing one year of parole and the court was required to apply any excess custody credits to reduce her parole period.

After briefing was complete, the California Supreme Court filed its opinion in *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*). We ordered the parties to file supplemental letter briefs on the effect of *Morales* on this case. They have done so. Neither of Truong's contentions have merit. We affirm the postjudgment order and remand the matter with directions.

FACTS

In April 2011, Truong pleaded guilty to four counts of receiving stolen property (Pen. Code, § 496, subd. (a)), and possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted she served two prior prison terms (Pen. Code, § 667.5, subd. (b), all further statutory references are to the Penal Code). The factual basis for the plea was "[she] willfully and unlawfully possessed/received stolen property, knowing it was stolen, and possessed a usable quantity of methamphetamine." Pursuant to the plea agreement, the trial court sentenced Truong to two years in prison. In 2013, Truong was released on postrelease community supervision (PRCS).

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which became effective the following day. (See § 1170.18.) In January 2015, Truong filed an application to have her receiving stolen property and drug possession convictions designated as misdemeanors (§ 1170.18). The trial court granted the petition under section 1170.18, subdivision (a), recalled the felony sentences on her convictions, and designated them as misdemeanors. The court

2

imposed 365 days in the Orange County Jail, awarded 365 days of credit, and imposed one year of parole under section 1170.18, subdivision (d).

DISCUSSION

*PRCS*

Truong contends the trial court erred by sentencing her pursuant to section 1170.18, subdivision (a), and imposing one year of parole, because she had completed her prison term and PRCS was not part of her sentence. Not so.

The trial court properly resentenced Truong pursuant to section 1170.18, subdivision (a), because she had not completed PRCS and, therefore, was "currently serving a sentence" for a qualifying felony conviction. (§ 1170.18, subd. (a) ["A person currently serving a sentence" for a conviction for a qualifying felony may petition for recall of sentence and resentencing]; see *Morales, supra,* 63 Cal.4th at pp. 403, 409 [defendant subject to PRCS].) A period of parole or PRCS "constitutes part of the punishment for the underlying crime." (*People v. Nuckles* (2013) 56 Cal.4th 601, 608.) Proposition 47 did not abrogate the long-standing statutory mandate that a period of parole or PRCS is, with narrow exceptions, a mandatory feature of every sentence resulting in imprisonment in the state prison. (*Id.* at p. 609.)

*Excess Custody Credits*

In her opening brief, Truong argues the trial court should have applied any excess custody credits to reduce her parole period. This claim was recently rejected by the California Supreme Court in *Morales*.

*Morales, supra,* 63 Cal.4th at pages 404-405, stated as follows: "At issue here is the proper interpretation of section 1170.18, subdivision (d), which provides: 'A person who is resentenced pursuant to subdivision (b) *shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. Such person is subject to [s]ection 3000.08 parole supervision by the

3

Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released or resides, or in which an alleged violation of supervision has occurred, for the purpose of hearing petitions to revoke parole and impose a term of custody.' (Italics added.) On its face, this language seems to require the one-year parole period subject to the court's discretion to order otherwise. It states that the person shall receive credit for time served *and* shall be subject to parole." The Supreme Court held, "We conclude that credit for time served does not reduce the parole period." (*Morales, supra,* 63 Cal.4th at p. 403.) In her supplemental briefing, Truong concedes *Morales* forecloses this claim. This does not end our inquiry, however, as there were further proceedings in the trial court *after* Truong filed her notice of appeal.

On June 26, 2015, this court filed its opinion in *People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, No. S228030, holding as relevant here, excess custody credits do reduce a parole period. Less than one month later, on July 23, 2015, during briefing, the trial court, relying on our decision in *People v. Morales, supra,* 238 Cal.App.4th 42, discharged Truong from parole after applying her excess custody credits to her parole period. Truong had been on parole for about six-and one-half months.

In her supplemental briefing, Truong asserts the appeal is moot and whether the trial court erred in discharging her from parole is not before this court. In her supplemental briefing, the Attorney General contends the trial court's order releasing Truong from parole was null and void because the court did not have jurisdiction and our decision in *People v. Morales, supra,* 238 Cal.App.4th 42, was not final. The Attorney General, claiming Truong has an additional five-and one-half months of parole to serve but recognizing she has not been on parole for over one year, suggests we remand the matter to the trial court to fashion an appropriate remedy, i.e., reinstate the remainder of parole or rescind the order imposing parole.

4

While we commend the trial court's initiative in modifying Truong's sentence to comport with *Morales, supra,* 238 Cal.App.4th 42, we conclude the court lacked jurisdiction to make the modification because this appeal was pending. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929-930 [trial court lacked jurisdiction to recall sentence and resentence under proposition 47 while appeal was pending (*Scarbrough*); but see *People v. Awad* (2015) 238 Cal.App.4th 215, 223-224 [limited remand to allow trial court to conduct proposition 47 postconviction hearing proper].) There was no limited remand in this case. Although section 1237.1 gives trial courts concurrent jurisdiction to correct errors involving the calculation of presentence credits while an appeal is pending, that section applies only to mathematical or clerical mistakes, not substantive issues like the ones involved in this case. (*Scarbrough, supra,* 240 Cal.App.4th at p. 923.) Therefore, the modification order is void. (*Id.* at p. 920.)

## DISPOSITION

The trial court's modification order filed on July 23, 2015, is void for lack of jurisdiction. The postjudgment order is affirmed. The matter is remanded with directions to resolve the issue of Truong's parole status.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

5