Filed 9/22/16  P. v. Bean CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERNEST T. BEAN, JR.<br><br>        Defendant and Appellant. | A143350<br><br>(Solano County<br>Super. Ct. No. FCR297725) |

Defendant Ernest T. Bean, Jr. was granted probation after he pleaded no contest to possession of methamphetamine and admitted a prior prison commitment.  He violated his probation numerous times, resulting in his probation being revoked and reinstated three times.  Following the fourth revocation of probation, the trial court did not reinstate probation, but sentenced him to three years and six months in the county jail pursuant to Penal Code[1] section 1170, subdivision (h).[2]  This appeal followed.  Appointed counsel for defendant asked this court to review the record independently to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Section 1170, subdivision (h)(1) provides that "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years."

1

(*Wende*)). Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

In January 2013, defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior prison commitment (§ 667.5). Pursuant to the plea agreement, the trial court imposed a split sentence, comprised of a four-year term in the county jail pursuant to section 1170, subdivision (h), in which he would serve 180 days in the county jail or a residential treatment facility, and the court would suspend the remaining three years and six months of the total sentence. The court then placed defendant on mandatory supervision/ Post Release Community Supervision (PRCS) pursuant to section 1170, subdivision (h)(5), and ordered his participation in either a Diablo Valley or CAT II Program. The court ordered defendant to pay various fines and fees, and gave him a total of 114 days credit.

In June 2013, the court revoked mandatory supervision/PRCS due to defendant's failure to report to probation after he was discharged from the court-ordered program. In July 2013, defendant admitted the violation, and the court revoked and reinstated mandatory supervision/PRCS under the same terms and conditions.

In October 2013, the court revoked mandatory supervision/PRCS after defendant was discharged from the court-ordered program for possession of a knife; defendant denied the allegations. Defendant claimed he had been cut and unlawfully drugged during his stay at the program; the court ordered a mental health evaluation pursuant to section 1368 and suspended proceedings. Proceedings were resumed after it was determined that defendant could rationally assist his attorney.

In November 2013, defendant admitted a violation, and the court revoked and reinstated mandatory supervision/PRCS under the same terms and conditions.

In February 2014, the court revoked mandatory supervision/PRCS for failure to obey all laws. In March 2014, defendant admitted the violation, and in April 2014, the court revoked and reinstated mandatory supervision/PRCS under the same terms and conditions.

In June 2014, the court revoked mandatory supervision/PRCS pending a revocation hearing. In August 2014, the revocation hearing was held and the court found defendant to be in violation of his mandatory supervision/PRCS and split sentence.

In September 2014, the court executed the previously suspended sentence of three years and six months in county jail. Defendant received a total of 856 days credit: 566 time credits and 290 conduct credits.

Defendant appealed. While his appeal was pending, defendant filed a petition to reduce his felony conviction to a misdemeanor pursuant to section 1170.18, subdivision (a), otherwise known as Proposition 47. The court granted the petition, reduced the felony conviction to a misdemeanor, resentenced defendant to time served and released him forthwith.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed since the filing of the opening brief, and we have received no communication from defendant.

## DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review. Upon our own independent review of the record, we agree none exists. (*Wende, supra,* 25 Cal.3d 436.) The trial court revoked defendant's probation and imposed the previously suspended sentence after giving defendant numerous chances to comply with probation. At this point, defendant had his probation revoked and reinstated three times. It was only after the fourth probation revocation did the trial court deny reinstatement and impose the previously suspended sentence. The record reflects that defendant was represented by counsel at all relevant times. Under these circumstances, we conclude the trial court's decision to revoke probation and reinstate the sentence based upon defendant's repeated violations of its terms and conditions was proper. (See *People v. Segura* (2008) 44 Cal.4th 921, 932 ["During the period of probation, the court may

3

revoke, modify, or change its order suspending imposition or execution of the sentence, as warranted by the defendant's conduct.  (§§ 1203.2, 1203.3)" (Fn. omitted)].)

Finally, we note that the trial court lacked jurisdiction to recall defendant's sentence and to sentence him pursuant to section 1170.18 while this appeal was pending. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929-930.)  Accordingly, defendant may petition for recall of sentence in the trial court once his judgment is final.  (*Ibid.*)

Thus, having ensured defendant has received adequate effective appellate review, we affirm the trial court's judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106, 117-119; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

4

_____
REARDON, J.

We concur:


_____
RUVOLO, P. J.


_____
RIVERA, J.

*People v. Bean*  A143350

5