Filed 5/3/23  P. v. Jenkins CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075787 |
| v. | (Super.Ct.No. INF064867) |
| LATOYA JENKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland , Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2010, a jury convicted Latoya Jenkins of first degree murder with a true finding on the robbery-murder special circumstance. (Pen. Code, § 190.2, subds. (a)(17)(A) & (d).)[1] In 2020, Jenkins filed a petition to vacate her murder conviction under section 1172.6 (formerly § 1170.95).[2] The trial judge summarily denied the petition on the ground the special circumstance finding rendered her categorically ineligible for resentencing because it demonstrated the jury found she was "a major participant" in the underlying robbery and acted "with reckless indifference to human life." (§ 190.2, subd. (d).)

Jenkins appealed the summary denial of her petition, arguing the finding didn't render her ineligible because it predated the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified what "major participant" and "reckless indifference to human life" mean for purposes of section 190.2, subdivision (d). After we dismissed the appeal for lack of jurisdiction, the California Supreme Court granted review of our dismissal order pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

Subsequently, our Supreme Court issued *Strong*, in which it held that a robbery-murder special circumstance finding predating *Banks* and *Clark* does not render a petitioner ineligible for relief as a matter of law. After that decision, the Court transferred

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We use section 1172.6 to refer to whichever of the two statutes was in effect at the relevant time.

Jenkins's appeal back to us with directions to vacate our dismissal order and reconsider the merits of her challenge under *Strong*. Having done so, we conclude Jenkins has demonstrated a prima facie case for relief and is entitled to an evidentiary hearing under section 1172.6, subdivision (d). We therefore reverse.

## I

## FACTS

A.    *Jenkins's Trial, Conviction, and Direct Appeal*

At Jenkins's trial, the prosecution presented the following evidence, which we take from our unpublished decision in her direct appeal. (*People v. Jenkins* (June 15, 2012, E052342) [nonpub. opn.] (*Jenkins I*).) On February 23, 2009, Jenkins and her two brothers, Harrell and Drake, visited the home of Samuel Cotton to purchase marijuana. When Cotton's sister-in-law, S., answered the door, Jenkins told her they wanted to buy $10-worth of weed from the victim. S. told Jenkins to come inside, but Jenkins hesitated so S. closed the door and went back to the kitchen where she had been washing dishes.

A short time later, S. heard Jenkins ask Cotton for marijuana. Cotton asked, "Wait a minute . . . Who's with you?" and Jenkins replied she was with her "folks." Jenkins then went into the kitchen and talked with S., who continued to wash dishes until she heard a male voice say, "Don't move." S. looked to where Cotton was sitting at the dining table and saw a man—later identified as Harrell—holding Cotton in a choke hold and pointing a gun at Cotton's head. Harrell was wearing a black hooded sweater and had a sheer stocking over his head to disguise his face.

3

Complying with his order, S. went into the living room and got down on the floor. She saw a second man, whom she later identified as Drake, standing in the hallway. Drake also had a gun, and, like Harrell, was wearing a black hooded sweater with a sheer stocking pulled over his head to disguise his face. Drake repeated Harrell's order to lie down on the floor.

S. closed her eyes and heard Harrell tell Cotton to get down on the ground. Within seconds, she heard a gunshot followed by Jenkins saying, "Why did you shoot him? You didn't have to shoot him." Jenkins knelt next to S. and told her, "[T]his wasn't supposed to happen. I was supposed to get some weed." Just before the group left, S. heard Drake say, "Blood, calm down. You all right" and Harrell say, "Baby girl, you're going to be all right. You're going to be all right."

The jury convicted Jenkins of first degree murder under a felony-murder theory with a true finding on the robbery-murder special circumstance, and the trial court sentenced her to life without possibility of parole. (§ 190.2, subds. (a)(17)(A) & (d).) Jenkins appealed her conviction, arguing, among other things, that the record contained insufficient evidence to support the special circumstance finding. In *Jenkins I*, we rejected her contention and concluded the record contained substantial evidence to support the special circumstance.

B.     Banks, Clark, *and Jenkins's Habeas Petitions*

In 2015 and 2016, the California Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life

4

without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding the defendant acted with reckless indifference to human life. Instead, the fact finder must consider "the defendant's *personal* role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*, italics added.) *Banks* provided a nonexhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony, and *Clark* provided a similar list for determining whether the defendant acted with reckless indifference to human life. (*Banks*, at p. 803; *Clark*, at pp. 619-623.)

Following those decisions, in 2016, Jenkins filed a habeas petition in the superior court, alleging the record was insufficient to support the special circumstance finding under the new guidance of *Banks* and *Clark*. The superior court denied the petition. The following month, Jenkins filed a habeas petition in this court on the same ground, and we summarily denied the petition.

5

C.      *Senate Bill No. 1437 and Jenkins's Section 1172.6 Petitions*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which, among other things, amended the definition of felony murder in section 189 and created a procedure for vacating murder convictions predating the amendment that could not be sustained under the new law. (Stats. 2018, ch. 1015, § 4.) Following this procedure, in 2019, Jenkins filed a section 1172.6 petition to vacate her murder conviction. She alleged she had been convicted of first degree murder under a felony-murder theory and could not be convicted of murder under the new law.

Riverside County Superior Court Judge John D. Molloy appointed counsel for Jenkins and held a hearing at which he summarily denied the petition. The judge concluded the special circumstance finding demonstrated as a matter of law that the jury had found she was a major participant in the robbery who acted with reckless indifference to human life, and as a result, she was categorically ineligible for relief. Appointed counsel stated, "I'm objecting for the record, but I understand the fact that the Court referred to."

Jenkins appealed the summary denial of her petition. Her appointed counsel filed a no issue brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, but Jenkins filed a supplemental brief arguing the evidence was insufficient to support a finding she was a major participant who acted with reckless indifference to human life under *Banks* and *Clark*. In September 2019, we issued an unpublished decision affirming the summary denial of her petition, explaining we had

6

already determined in *Jenkins I* that substantial evidence supported the special circumstance finding. (*People v. Jenkins* (Sept. 26, 2019, E072564) [nonpub. opn.].)

After we issued that opinion, a split of authority developed in the appellate courts over whether a robbery-murder special circumstance finding that predates *Banks* and *Clark* renders a petitioner ineligible for relief as a matter of law. Some courts—ours among them—held that such a finding *did* render the petitioner ineligible, but other courts took the opposite view and concluded that findings predating the guidance in *Banks* and *Clark did not* render the petitioner ineligible as a matter of law. (Compare *People v. Torres* (2020) 46 Cal.App.5th 1168, *People v. Smith* (2020) 49 Cal.App.5th 85, & *People v. York* (2020) 54 Cal.App.5th 250 [concluding the special circumstance finding does not render a petitioner ineligible for relief as a matter of law] with *People v. Gomez* (2020) 52 Cal.App.5th 1, *People v. Galvan* (2020) 52 Cal.App.5th 1134, & *People v. Jones* (2020) 56 Cal.App.5th 474, all abrogated by *Strong*, *supra*, 13 Cal.5th 698 [reaching the opposite conclusion].)

After this split emerged, on June 17, 2020, Jenkins filed a second section 1172.6 petition. This time, her petition alleged she was entitled to an evidentiary hearing because her special circumstance finding predated *Banks* and *Clark*. Her petition identified the split, and, relying on the *Torres* line of cases, argued that her first petition had been deficient in failing to make this argument.

At a status conference on August 21, 2020, the same judge that decided Jenkins's first petition summarily denied her second petition, without prejudice, based on the same

conclusion as before—that the special circumstance finding rendered her ineligible for relief as a matter of law.

Jenkins then filed the current appeal, challenging the denial of her second petition. On March 23, 2021, we dismissed her appeal by order, concluding the trial court lacked subject matter jurisdiction to rule on her second petition because the order denying her first petition had been affirmed on appeal. Jenkins petitioned the California Supreme Court to review our dismissal order, and the Court granted review, deferring action pending its decision in *Strong*.

In August 2022, our Supreme Court issued its decision in *Strong*, holding that a special circumstance finding predating *Banks* and *Clark* does not render a petitioner ineligible for relief. Following its decision, the Court transferred the matter back to us with directions to vacate our dismissal order and reconsider Jenkins's appeal under *Strong*.

**II**

**DISCUSSION**

A.      *The Trial Court Did Not Lack Jurisdiction to Consider the Petition*

As a threshold matter, we address the People's contention we should dismiss this appeal for the same reason we initially did so—lack of jurisdiction. To support this argument, the People rely on the case we cited in our dismissal order, *People v. Berg* (2019) 34 Cal.App.5th 856, 860-861 (*Berg*). We decline to dismiss for two reasons.

8

First and most importantly, our Supreme Court has ordered us to vacate our dismissal order and consider the merits of this appeal under *Strong*. If our high court agreed with our previous conclusion that the trial court lacked jurisdiction to hear Jenkins's second petition, it would not have issued such an order.

Second, we conclude our earlier reliance on *Berg* to dismiss the appeal for lack of subject matter jurisdiction was misplaced. In *Berg*, the trial court had granted the defendant's habeas petition challenging his sentence based on a recent change in the law. The People appealed the order granting the petition, and the appellate court affirmed. After remittitur issued in that case, the People asked the trial court to reconsider the order granting the petition, the order the appellate court had affirmed. Upon reconsideration, the trial court agreed with the People, vacated its prior order, and issued a new one denying the petition. (*Berg*, *supra*, 34 Cal.App.5th at p. 860.) This time the defendant appealed, arguing the trial court lacked jurisdiction to modify an order that had already been affirmed on appeal. The *Berg* court agreed, concluding there was no authority to "permit the People, *within this same habeas proceeding*, 'to revive this litigation after its final conclusion.'" (*Id.* at p. 861, italics added.)

Analogizing to *Berg*, we concluded the trial court similarly lacked jurisdiction to rule on Jenkins's second resentencing petition because we had already affirmed the summary denial of her first petition. But upon further reflection, we conclude our analogy was inapt.

9

*Berg* is contextually distinguishable because it involved a single habeas proceeding challenging the judgment *before it became final*. In such cases, because a judgment includes the sentence, an appeal from the judgment generally deprives the trial court of jurisdiction over a motion to modify the sentence. (*People v. McKenzie* (2020) 9 Ca1.5th 40, 46; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 922, 929-930.)

By contrast, a resentencing petition under section 1172.6 is *not* a challenge to the judgment. Rather, section 1172.6 establishes a retroactive procedure for raising a collateral, postjudgment challenge to a final conviction and sentence. "[S]ection 1170.95 contains no express bar to successive petitions." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950 (*Farfan*).) Once a judgment has become final, as Jenkins judgment has, an appeal from a postjudgment order denying a petition to modify the judgment does not divest the trial court of jurisdiction over a second such petition.

In *Berg*, the People asked the trial court to modify the very same order the appellate court had already affirmed, whereas Jenkins brought a second, distinct resentencing petition, one that was based on a different legal ground than her first. As the court recently explained in *Farfan*, to conclude a successive petition based on a different legal ground than the first is procedurally barred "would thwart Senate Bill No. 1437's overall purpose of ensuring that 'a person's sentence is commensurate with his or her individual criminal culpability' [citation], and that 'all those entitled to resentencing are able to obtain relief' [citation]." (*Farfan*, *supra*, 71 Cal.App.5th at p. 950 [rejecting the People's contention that collateral estoppel barred the defendant from filing a second

§ 1172.6 petition].) This is in part because when Jenkins's initial petition was denied in 2019, the jurisprudence on section 1172.6 was in a "still-evolving state." (*Farfan*, at p. 950.) In our view, refusing to consider the merits of Jenkins's second petition because she filed her first before the *Banks/Clark* issue arose in the appellate courts would effectively punish her for diligently trying to protect her rights.

We therefore decline to dismiss the appeal and instead follow the California Supreme Court's directive to consider its merits under *Strong*.

B.      *Jenkins Is Entitled to an Evidentiary Hearing*

In *Strong*, our Supreme Court held that a true finding on a robbery-murder special circumstance that predates *Banks* and *Clark* does not render a section 1172.6 petitioner ineligible for relief as a matter of law because the finding was made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) *Strong* also held that a court's postconviction determination that substantial evidence supports the finding under the guidance established in *Banks* and *Clark* also does not render the petitioner ineligible as a matter of law because that determination "would not involve a determination beyond a reasonable doubt that [the current legal standards] were met." (*Strong*, at p. 720.)

Having reconsidered this case under these principles, we conclude Jenkins has established a prima facie case for relief because her special circumstance finding predates *Banks* and *Clark*.

11

## III

## DISPOSITION

We reverse the trial court's order denying Jenkins's second resentencing petition, filed on June 17, 2020. On remand, the trial court shall issue an order to show cause and conduct an evidentiary hearing in accordance with section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

RAMIREZ _____
P. J.

RAPHAEL _____
J.

12