Filed 12/18/24  P. v. Reed CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JIMMY LEE REED,<br><br>    Defendant and Appellant. | F088039<br><br>(Super. Ct. No. VCF398368)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Franson, J.

Appellant Jimmy Lee Reed is represented in this appeal by appointed counsel Rex Adam Williams. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Williams filed a brief that raised no arguable issues and asked this court to review the record to determine whether there are any arguable issues on appeal. Counsel's opening brief set forth the case's relevant facts.

On September 24, 2024, appellant was advised of his right to file a supplemental brief within 30 days. To date, we have received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment. As required by *People v. Kelly* (2006) 40 Cal.4th 106, the following is a brief description of the facts and procedural history of the case.

## FACTUAL BACKGROUND

In a previous appeal, we explained the factual bases for appellant's convictions. Appellant's counsel adopts that factual recitation in his opening brief, and we do the same. As explained in the previous appeal:

> "On May 21, 2020, defendant and his ex-girlfriend K.H. were texting while K.H. was getting gas at a local gas station. K.H. testified that she and defendant were an 'on-again, off again' couple and that she had agreed that they might "hang out" together that night, even though they both were currently dating other people. As K.H. was pumping gas, defendant arrived at the gas station. Defendant and K.H. began to argue. K.H. testified that she was going to leave, but defendant insisted that she give him a ride. K.H. eventually relented, and the two left the gas station in K.H.'s car. K.H. and defendant quickly began arguing about his new girlfriend and how his new girlfriend had been hit by her old boyfriend. When K.H. said that defendant used force against her (just about everything short of using his fist), defendant denied that he had done so and said, '[T]his is what it is like for me to hit you.' Defendant then started punching and choking K.H. K.H. estimated that defendant punched her about five times. K.H. was struggling to drive while defendant was attacking her. K.H. began seeing white and tried to claw at defendant's face with her left hand. Defendant 'let up' on his assault, and K.H. 'slammed' on the brakes. Defendant then told K.H. that he would bury K.H. with Armando, a recently deceased boyfriend. Defendant punched and began choking K.H. again. K.H. testified that she again began to see white and spots, and she

2.

could not breathe.  K.H. passed out but awoke when she heard the 'thump' of her car door slamming.  K.H. was slumped over and saw defendant running away."  (*People v. Reed* (Oct. 30, 2023, F084268) [nonpub. opn.] (*Reed*).)

## PROCEDURAL BACKGROUND

The Tulare County District Attorney filed an information charging defendant with attempted murder (Pen. Code, §§ 664, 187, subd. (a); count 1);[1] assault by means of force likely to produce great bodily injury (GBI) (§ 245, subd. (a)(4); count 2); domestic violence against someone with whom defendant had a former dating relationship (§ 273.5, subd. (a); count 3); and attempted criminal threats (§§ 664, 422; count 4).[2]  For all counts, the information alleged that defendant had two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  The information alleged that these two strikes also each qualified as prior serious felony convictions (§ 667, subd. (a)).  For all counts, the information also alleged defendant committed the offense while on parole (§ 1203.085, subd. (b)).  For counts 1 through 3, the information alleged that defendant personally inflicted GBI under circumstances involving domestic violence (§ 12022.7, subd. (e)).  Finally, with respect to count 1, the information alleged that defendant acted willfully, deliberately, and with premeditation (§ 664, subd. (a)).

On May 27, 2021, the jury found defendant guilty on all four counts, but as to count 1, the jury found not true that defendant acted willfully, deliberately, and with premeditation.  For counts 1 through 3, the jury found true the GBI enhancement.  In a bifurcated proceeding, the trial court found not true that defendant had committed the offenses while on parole but found true the allegations that defendant had two prior strike convictions which also qualified as serious felony convictions.

On April 8, 2022, the trial court sentenced defendant on count 1 to a total term of 30 years to life (25 years to life for a third strike (§ 667, subd. (e)(2)(A)(ii)), plus the

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] Count 4 was amended during trial to allege attempted criminal threats.

upper term of five years for the GBI enhancement (§ 12022.7, subd. (e)). The court sentenced defendant to 25 years to life on counts 2 through 4, stayed counts 2 and 3 pursuant to section 664, and ordered count 4 to run concurrently with count 1. Prior to sentencing, the court denied a motion to dismiss the two prior strikes and the GBI enhancement but did not impose the enhancements for the two prior serious felony convictions (§ 667, subd. (a)(1)).

On appeal, this court vacated defendant's sentence based on the trial court's erroneous conclusion that amended section 1385, subdivision (c) did not apply to consideration of the five-year GBI enhancement. (*Reed*, *supra*, F084268.)

On April 16, 2024, the trial court held a resentencing hearing. Because it found insufficient changed circumstances, the court adopted its prior decision and rationale to deny defendant's request to strike the strikes prior. However, the court struck the prior sentence enhancements for purposes of resentencing and also applied section 1385, subdivision (c) to strike the GBI enhancement. The court sentenced defendant to a total term of 25 years to life. Specifically, the court sentenced defendant to 25 years to life, but stayed counts 2, 3, and 4 pursuant to section 654. The court also updated defendant's custody credits with the help of defense counsel.

On May 14, 2024, appellant filed a timely notice of appeal.

## ANALYSIS

Having undertaken an examination of the entire record, we find no evidence of arguable errors that would result in a disposition more favorable to defendant. (*Wende*, *supra*, 25 Cal.3d at pp. 442–443; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 920).

## DISPOSITION

The judgment is affirmed.

4.