Filed 10/21/25  P. v. Stapleton CA4/1
NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RICHARD MALONE STAPLETON, JR.,<br><br>  Defendant and Appellant. | D085188<br><br><br><br>(Super. Ct. No. RIF152067) |

APPEAL from an order of the Superior Court of Riverside County, Dwight W. Moore, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In April 2010, Richard Malone Stapleton, Jr., entered into a plea agreement.  Under the terms of that agreement, Stapleton pleaded guilty to one count of robbery (Pen. Code,[1] § 211).  He admitted personal use of a firearm (§ 12022.53, subd. (b)), two prison priors (§ 667.5, subd. (b)), and one

---

[1]    All further statutory references are to the Penal Code.

strike prior (§ 667, subd. (e)(1)). The plea also indicated his sentence would run consecutive to a case in San Bernardino (FVI900909) where he was sentenced to four years for negligent discharge of a firearm (§ 246.3, subd. (a)). The court sentenced Stapleton for a total of 20 years while staying punishment for the two prison term enhancements. He was given credit for 632 days of actual time served and 95 days of conduct credit pursuant to section 2933.1 for a total of 727 days. The court also resentenced him in the San Bernardino case to 16 months.

In April 2023, the court received a letter from the California Department of Corrections regarding Stapleton's credits. The letter indicated the "Abstract of Judgment and/or Minute Order may be in error, or incomplete" regarding the actual and local conduct credits for both cases. The letter pointed out the dates Stapleton was incarcerated for the cases appeared to overlap in violation of section 2900.5, subdivision (b). The case reflected credits of "632 actual days plus 95 local conduct credits for a total of 727 days (date of offense, July 18, 2008, to date of sentencing, April 27, 2010, is 648 actual days)," while the San Bernardino case reflected credits of "314 days actual plus 156 day local for a total of 470 days (date of offense July 2, 2008 to date of sentencing June 10, 2009 is 343 actual days)."

Following an October 2024 hearing, the court corrected the credits to reflect 321 actual days, plus 99 days of conduct credits, plus 343 actual days for the San Bernardino case, for a total of 763 days. The court denied Stapleton's request for a full resentencing. Stapleton filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the

2

record for error as mandated by *Wende*. We offered Stapleton the opportunity to file his own brief on appeal, but he has not responded.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the trial court had jurisdiction to correct the error in Stapleton's credits while the case is on appeal on an unrelated issue; and

2. Whether the trial court erred by denying Stapleton a full resentencing when it recalculated his credits.

Neither issue identified by counsel has arguable merit. As to the first, the trial court retained jurisdiction to correct the clerical error in Stapleton's credits while an appeal was pending on the court's December 2023 order denying Stapleton's section 1172.75 resentencing. (*People v. Millsap* (2025) 114 Cal.App.5th 368, 376 [section 1237.1 "vest[s] jurisdiction in trial courts to correct custody credits . . . pending appeal"]; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923 ["Corrections to errors in the calculation of presentence custody credits may . . . be ordered by the trial court while an appeal is pending."].) As to the second issue, the trial court did not err when it denied Stapleton's request for a full resentencing. (*People v. Gonzalez* (2025) 108 Cal.App.5th 741, 751 ["the court's recalculation of custody credits did not warrant a full resentencing"]; *People v. Boyd* (2024) 103 Cal.App.5th 56, 73 [although defendant was "entitled to additional presentence credits, he has not shown that this warrants vacating his entire sentence, which a full resentencing anticipates"].)

3

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Stapleton on this appeal.

DISPOSITION

The order is affirmed.

DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


HUFFMAN, J.*

_____

\*   Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.